# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN HERNANDEZ MARTINEZ,<br>Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL/ICE,<br>Respondents. | Case No. 1:26-cv-02570-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND DENYING PETITIONER'S MOTION TO EXPEDITE CONSIDERATION<br><br>(ECF Nos. 7–9) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States at an unknown date and time without being admitted, inspected, or paroled by an immigration officer. (ECF No. 6 at 9.[1]) On January 21, 2026, the Drug Enforcement Administration ("DEA") and Federal Bureau of Investigation ("FBI") conducted a drug enforcement operation targeting narcotics trafficking in an open-air drug market of San Francisco's Tenderloin District. According to the Form I-213 submitted by Respondents, Petitioner was found to be in possession of methamphetamine

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

fentanyl, Xanax, $280 in cash (low-denomination bills), one scale, and one knife. Petitioner was arrested and during the booking process, Petitioner was referred to U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 6 at 15.) ICE arrested Petitioner pursuant to an administrative warrant. (Id. at 18.) Petitioner has prior arrests for drug trafficking related offenses. (Id. at 15–16.) Petitioner was served a Notice to Appear charging him pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(i)(I). (ECF No. 6 at 9–12.)

On April 3, 2026, Petitioner filed a petition for writ of habeas challenging his detention on due process grounds. (ECF No. 1.) On April 28, 2026, Respondents filed a response, and Petitioner filed a traverse on May 13, 2026. (ECF Nos. 6, 7.)

## II.

## DISCUSSION

### A. Exhaustion

Respondents assert that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A), because he is a controlled substance trafficker under 8 USC § 1182(a)(2)(C)." (ECF No. 6 at 3.) Respondents argue that Petitioner is not entitled to habeas relief because "Petitioner has not exhausted his administrative remedy to contest his mandatory detention under the procedures available in immigration court" pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). (ECF No. 6 at 5.)

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result,

> or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026).

"Anyone who believes that he is not covered by § 1226(c) may . . . ask for what is known as a '*Joseph* hearing[,]'" in immigration court at which "that person 'may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.'" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (quoting Demore v. Kim, 538 U.S. 510, 514 n.3 (2003)).

To reach Petitioner's due process claims raised in the petition, the Court "would necessarily have to determine whether he is subject to § 1226(c)(1)(A) via the controlled substances traffickers provisions at § 1182(a)(2)(C)." Gutierrez-Guerra v. Warden, No. 1:26-cv-02545 DAD SCR, 2026 WL 1745492, at *3 (E.D. Cal. June 17, 2026). The Court recommends finding that the prudential exhaustion requirement should not be waived because "[u]nlike other provisions triggering mandatory detention under § 1226(c) (e.g., 8 U.S.C. § 1227(a)(2)), 8 U.S.C. § 1182(a)(2)(C) turns not on criminal conviction but on whether the government 'knows or has reason to know' the noncitizen has engaged in or benefitted from trafficking of controlled substances." Gutierrez-Guerra, 2026 WL 1745492, at *3 (quoting 8 U.S.C. § 1182(a)(2)(C)(i)-(ii)). "The immigration court and BIA are best positioned 'to generate a proper record and reach a proper decision' as to these factual inquiries." Gutierrez-Guerra, 2026 WL 1745492, at *3 (quoting Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007)). Accordingly, the Court recommends finding that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

///

///

**B. Motions for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF Nos. 7, 8.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that the prudential exhaustion requirement should not be waived and the petition should be dismissed without prejudice for failure to exhaust administrative remedies, the Court will deny the motions.

**III.**

**RECOMMENDATIONS & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

Further, the Court HEREBY ORDERS that:

1. Petitioner's motions for appointment of counsel (ECF Nos. 7, 8) are DENIED; and
2. Petitioner's motion to expedite consideration (ECF No. 9) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge